MERRITT SAVINGS AND LOAN, INC. *v.* BOARD
OF BUILDING, SAVINGS AND LOAN
ASSOCIATION COMMISSIONERS

[No. 1001, September Term, 1974.]

*Decided June 5, 1975.*

The cause was argued before MORTON, GILBERT and LOWE,
JJ.

*Eugene Hettleman* for appellant.

*Daniel T. Doherty, Jr., Special Assistant Attorney
General,* with whom was *Francis B. Burch, Attorney
General,* on the brief, for appellee.

Lowe, J., delivered the opinion of the Court.

"The savings and loan business ... has so expanded in recent years and has become so integrated with the financial institutions of this State and is so important as a method of promoting home ownership and thrift, that such business is affected with a public interest and shall be supervised as a business affecting the economic security and general welfare of the people of this State;". Md. Code, Art. 23, § 161 A (a). "The Director shall have general supervision over all associations which are subject to the provisions of this article. . . ." Md. Code, Art. 23, § 161 G (c).

As prologue we note the distinction between mutual savings and loan associations and stock savings and loan associations. In mutual associations there is but one class of shareholder known as free shareholders (depositors) who receive equal dividends and, along with borrowing members, elect the directors. In contrast, a stock association has, in addition to free shareholders, a class of guaranty stock which constitutes a secondary reserve assessable against the holder. Dividends may not be paid to holders of guaranty stock unless they have been paid on free share accounts and may not be withdrawn until all liabilities have been satisfied and free share accounts paid out. Md. Code, Art. 23, § 161 P (c). The *quid pro quo* for holders of guaranty stock, however, is their exclusive authority to elect the directors and thus control the association. The case at bar involves Merritt Savings & Loan, Inc., a stock association.

Md. Code, Art. 23, § 161 P (e) authorizes a stock association to issue additional guarantee stock provided "that any such issue shall be made in accordance with a plan which shall have been filed with *and approved by the Director*." [Emphasis added]. Assuming compliance with subsection (d) of § 161 P which is not questioned here, the sole criterion of determination prerequisite to approval by the Director is that "the plan is fair." The relevant phraseology reads:

> "The Director shall approve any such plan filed with him if he finds that . . . the plan is fair."

The question before us narrows itself to an interpretation of that test.

## The Facts

Merritt Savings and Loan, Inc. filed a plan for offering additional stock in proportion to its guaranty stockholders on a preemptive basis although preemptive rights were not provided for in the charter. After Merritt had conformed to all procedural prerequisites, the Director by letter denied the request to issue additional shares. The essence of the denial was:

> "Since the prime purpose of issuing additional shares of Guaranty Stock is to raise operating capital and enhance the earnings capacity of an association, and the proposal submitted will not accomplish these objectives, permission to issue the additional shares is denied."

The Board of Building, Savings and Loan Commissioners upheld the Director and Merritt appealed to the Circuit Court of Baltimore City. Judge James W. Murphy heard the appeal and properly agreed that the procedure of determination should include "not only the new evidence presented to [the Circuit Court] but also the contents of the record before the Board." *County Fed. S & L Assoc. v. Equitable S & L Assoc., Inc.*, 261 Md. 246, 258. In a written opinion reviewing all of the evidence before him Judge Murphy concluded:

> "The Court finds that both the Director and the Board have acted within the proper bounds of discretion and have not acted unreasonably, arbitrarily nor capriciously. The Court further finds that the criteria applied by the Director and affirmed by the Board are fair, proper, and within the parameters of the legislative intent as well as being within the authority of statute and the general laws of Maryland insofar as the promulgation of rules and criteria are concerned."

It is from the order signed pursuant to that opinion that appellant appeals to us. Merritt argues the appeal to the Circuit Court of Baltimore City was governed by the Administrative Procedure Act, Md. Code, Art. 41, primarily § 255 (g), and that the basis of the Director's disapproval was not in accordance with the statutory criterion of whether the issue was "fair."

## Scope of the Appeal

We concur that the scope of the appeal from the Board to the Circuit Court was limited by the Administrative Procedure Act to consideration of the eight criteria listed under § 255 (g). We do not agree with appellant "that the decision of the Director ran afoul of each and all . . . " of five of those standards in that it was:

" . . . (2) In excess of the statutory authority or jurisdiction of the agency; or . . .

(5) Unsupported by competent, material, and substantial evidence in view of the entire record as submitted; or

(6) Against the weight of competent, material and substantial evidence in view of the entire record, as submitted by the agency and including de novo evidence taken in open court; or

(7) Unsupported by the entire record, as submitted by the agency and including de novo evidence taken in open court; or

(8) Arbitrary or capricious."

## Fair Is Not Fair, But That Which Pleases

Appellant's entire argument falls over the unspoken premise upon which it is founded. Its contention assumes that there is no burden on moving party to convince the Director that the plan is fair. It would rather place the burden on the Director to prove that the petitioner's request is unfair. That would be the case only if the statute superimposed a presumption of fairness upon filing of a

plan. That is not what the statute provides. The mere submission of a plan does not create a presumption in the plan's favor, so fairness must affirmatively be proven. Only when adequate proof of fairness is forthcoming "shall" the Director approve it.

Appellant submitted its plan and by its own admission offered no other evidence at any stage of the proceeding. In the *de novo* hearing in the Circuit Court it offered no evidence, relying solely upon its cross-examination of the Director who was placed at bay, attempting to defend his decision. In the course of defending his action, the Director tried not only to establish that fairness had not been affirmatively shown, but also that the plan was, in fact, unfair. This latter effort, whether successful or not, has no bearing on our decision because appellant did not, in the first instance, meet its burden of persuasion. Aside from the plan itself there has never been evidence introduced to support appellant's side of the fairness scale.

Although there is no "presumption" of fairness from the submission of a plan, the Director may draw a permissible inference of fairness from the plan, when its merits are apparent on its face. The testimony of the Director here seems to indicate that if the plan submitted provided "more of the same" he may well have decided it was fair on its face thus alleviating appellant's burden of proving it so. Appellant itself argues that very premise:

> "The Director's testimony seems to be, not that the plan was unfair to anyone, but that it could be more fair if the amount were increased and because it was not more fair, somehow it was not fair at all."

We think that is precisely what the Director was saying. He found that the stock was being sold for one-third of its book value and by virtue thereof "the association [was] missing an opportunity to generate this additional capital simply because they [those in control] are selling [to themselves] at such a small or reduced figure, and there again it would seem in my judgment, to be accruing to the benefit of only those stockholders because, as I indicated, upon sale this

stock would conceivably enhance tremendously in value." He conceded that if the plan had entailed the sale of less stock for book value, generating the same reserve income, its fairness would have been more apparent, and he might have concluded that the plan was fair. As it was, however, and with no additional evidentiary showing, there was *nothing* upon which he could predicate a finding of fairness. The burden of persuasion was appellant's and it was not met, as appellant assumes, by any presumption that a plan is fair until proven otherwise. That non-sequitur does nothing to supplant appellant's burden. Having elected to rely on the plan alone for the Director to consider, rather than introduce evidence, appellant took the risk of non-persuasion. It lost.

*Judgment affirmed.*
*Costs to be paid by appellant.*